UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBRA HOWARD,

    Plaintiff,

v.                                          CASE NO. 3:12-cv-935-20JBT

PARADISE DREAMS INVESTMENTS
CLUB INC. and JOE W. ROBERTS,
Trustee,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis* ("Motion"). (Doc. 2.) For the reasons stated herein, it is respectfully **RECOMMENDED** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

In summary, the Complaint in this case fails to meet the minimum pleading requirements even for *pro se* litigants. The Complaint fails to allege any basis for federal jurisdiction or any plausible claim for relief. Moreover, the Court entered an Order in which it identified these deficiencies and gave Plaintiff an opportunity to correct them (Doc. 4), but Plaintiff neither corrected the pleading nor otherwise

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed.R.Civ.P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

responded to the subject Order.[2]  Accordingly, this case is due to be dismissed without prejudice for failure to state a claim on which relief may be granted, lack of jurisdiction, and want of prosecution.

Pursuant to 28 U.S.C. § 1915, the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review and dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed.R.Civ.P. 12(h)(3).

In this case, as discussed in the Court's prior Order (Doc. 4), the Complaint does not state any plausible claim for relief or allege any basis for federal jurisdiction. (*See* Doc. 1.)  Thus, the Complaint fails to meet the minimum pleading requirements even for *pro se* litigants.  See generally Fed.R.Civ.P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007);

---

[2] In that prior Order, the Court also informed Plaintiff that the information provided in the Motion was insufficient to allow the Court to determine whether she meets the financial criteria to proceed *in forma pauperis*.  (Doc. 4 at 2.)

*Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998). Therefore, the undersigned recommends that the case be dismissed for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2); Fed.R.Civ.P. 12(h)(3).

Moreover, the Court gave Plaintiff an opportunity to remedy the deficiencies contained in the Complaint on or before September 24, 2012 (Doc. 4 at 5), but Plaintiff did not respond to the Court's Order. Therefore, the undersigned recommends that this case also be dismissed for want of prosecution. *See* M.D. Fla. R. 3.10(a).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED.**

2. The case be **DISMISSED without prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on October 11, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

*Pro Se* Plaintiff

3